ORIGINAL

FILED

07 OCT 29 PM 12:31

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: [signature] DEPUTY

CATHERINE A. CONWAY (SBN 98266)
JULIA I. DE BEERS (SBN 233811)
JEREMY F. BOLLINGER (SBN 240132)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
Telephone: 310-229-1000
Facsimile: 310-229-1001

Attorneys for Defendant
ConocoPhillips Company

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL D. DOWD,

Plaintiffs,

v.

CONOCOPHILLIPS COMPANY AND CONOCOPHILLIPS MARINE,

Defendants.

Case No. '07 CV 2048 IEG (RBB)

**DEFENDANT CONOCOPHILLIPS COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441(a), 1446**

**(DIVERSITY)**

[Declarations of Russ H. Oechsel, Jr., and Jeremy F. Bollinger in Support of Defendant ConocoPhillips Company's Notice of Removal of Action; Civil Cover Sheet; Certificate of Service of Notice to Adverse Parties; Certification as to Interested Parties; and Notice of Related Cases filed concurrently herewith]

(San Diego Superior Court, Case No. 37-2007-00074151-CU-WT-CTL)

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant ConocoPhillips Company ("ConocoPhillips") hereby removes to this Court the state court action described below. In support thereof, Defendant states as follows:

1. On August 27, 2007, Plaintiff filed an action against Defendant ConocoPhillips in the San Diego County Superior Court entitled Michael D. Dowd v. ConocoPhillips and ConocoPhillips Marine, Case No. 37-2007-00074151-CU-WT-CTL (the "State Court Action"). See Declaration of Jeremy F. Bollinger in Support of ConocoPhillips' Notice of Removal of Action ("Bollinger Decl.") ¶ 2.

2. On September 25, 2007, Defendant was mail served with a copy of the Summons and Complaint on September 5, 2007. On September 25, 2007, Defendant executed a copy of the Notice and Acknowledgement of Service, thus facilitating service on that date. See id. Attached as **Exhibit A** to the Bollinger Declaration is a true copy of the Summons, Complaint, and executed Notice and Acknowledgement of Service. See Bollinger Decl. ¶ 3. Attached as **Exhibit B** to the Bollinger Declaration is a true copy of the Notice of Case Assignment served with the Summons and Complaint. See Bollinger Decl. ¶ 4.

3. On October 29, 2007, Defendant filed an Answer to the Complaint in San Diego County Superior Court. See Bollinger Decl. ¶ 5. Attached as **Exhibit C** to the Bollinger Declaration is a true copy of ConocoPhillips' Answer to Plaintiff's Complaint. See Bollinger Decl. ¶ 5.

4. ConocoPhillips' Notice of Removal is timely because it is filed within thirty (30) days of service. See 28 U.S.C. § 1446(b); see also Wagner v. City of South Pasadena, 78 Cal. App. 4th 943, 948-950 (2000) (deadline to respond to the complaint is 30 days from when defendant signs and dates the notice and acknowledgement form). Service of the Summons and Complaint was effected on September 25, 2007 when Defendant executed a copy of the Notice and Acknowledgement of Service. See Bollinger Decl. ¶¶ 2-3.

5. **Jurisdiction**. This action is a civil action of which this Court has original diversity jurisdiction under 28 U.S.C. § 1332 because the State Court Action is (a) between citizens of different

states, and (b) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Under 28 U.S.C. § 1441(a), a defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ."

6. **Diversity of Citizenship**. At all relevant times, there has been diversity of citizenship between the parties to the action. ConocoPhillips is informed and believes that Plaintiff Michael D. Dowd, at the time this action was commenced, was a citizen and resident of the State of California. See Complaint ¶ 1.

7. ConocoPhillips is not a citizen of the State of California. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). ConocoPhillips has not been incorporated in California. Rather, at the time this action was commenced, ConocoPhillips was a corporation organized and incorporated under the laws of the State of Delaware. See Declaration of Russ H. Oechsel, Jr., in Support of Defendant ConocoPhillips' Notice of Removal of Action ("Oechsel Decl."), Exh. A. Nor is California the state in which ConocoPhillips has its principal place of business. Rather, as shown below, ConocoPhillips' principal place of business is located in Texas.[1]

8. In the Ninth Circuit, the "principal place of business" is determined by a two-part inquiry. *First*, the Court applies the "place of operations" test to determine in what state, if any, a "substantial predominance" of corporate activity takes place. *Second*, if the corporation's activities are not predominant in a single state, the Court applies the "nerve center" test to identify the state in which the majority of the corporation's executive and administrative functions are performed. See United Computer Systems, Inc. v. AT&T Corp., 298 F.3d 756, 763 (9th Cir. 2002).

9. The "place of operations" test is determinative "where a corporation conducts 'substantially all' of its operations in one state and its headquarters are located in another state." Industrial Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1093 (9th Cir. 1990) ("courts generally assign

[1] "[28 U.S.C. § 1332(c)] makes clear that every corporation has one and only one principal place of business." J.A. Olson Co. v. City of Winona, Miss., 818 F.2d 401, 406 (5th Cir. 1987), citing S.Rep. No. 1830, 85th Cong., 2d Sess., reprinted in 1958 U.S.C.C.A.N. 3099, 3102 (corporation to be regarded as "citizen of that *one* State in which was located its principal place of business" (emphasis added)).

greater importance to the corporate headquarters when no state is clearly the center of corporate activity"). However, the "place of operations" test cannot properly identify a corporation's principal place of business where the corporation has operations spread throughout the country. See Breitman v. May Co. California, 37 F.3d 562, 564 (9th Cir. 1994) ("Because no one state contains a substantial predominance of the corporation's business activities, the place of operations test is inappropriate"); Ho v. Ikon Office Solutions, Inc., 143 F. Supp. 2d 1163, 1168 (N.D. Cal. 2001) (where national corporation has business activity spread among a substantial number of states, "use of the 'place of operations' test would not reliably identify the one state that should be deemed the center of corporate activity"). To determine whether "substantial predominance" in a particular state exists, courts look to several factors, including the location of employees, tangible property, production activities, sources of income, and the corporation's executive and administrative functions. See Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495, 500-502 (9th Cir. 2001).

10. ConocoPhillips' operations do not substantially predominate in California. The Company's executive and administrative operations are centrally managed from Texas, not California. From ConocoPhillips' headquarters in Texas, ConocoPhillips makes and implements company-wide operating, financial, employee relations, marketing, development, customer care, accounting, income tax, treasury, and legal policy decisions. The Company's board room is located in Texas. Board member meetings generally take place there, New York or Washington, D.C. Stockholders meetings are also held in Texas. Additionally, financial records are maintained in Texas. See Oechsel Decl. ¶¶ 2-6.

11. ConocoPhillips employs more people in Texas than in any other state, and more than twice the number of employees in California. See Oechsel Decl. ¶ 11. California represents the third largest number of ConocoPhillips employees (2581), behind Texas (6706) and Oklahoma (4474). See id. Furthermore, considering California's significantly larger population than any other state, ConocoPhillips employs fewer people on a per capita basis in California than in Texas, as well as most other states. See id. Based on the most recent population data from the U.S. Census Bureau (see http://quickfacts.census.gov) and current Company data, ConocoPhillips employs more people per

thousand residents in Alaska (1.7), Oklahoma (1.3), Montana (0.43), Texas (0.32), Louisiana (0.32), New Mexico (0.47), Colorado (0.14), New Jersey (0.11) and Washington (0.11) than it does in California (0.07).[2] For this reason as well, ConocoPhillips' operations do not substantially predominate in California.

12. ConocoPhillips operates twelve refineries in the United States, including two in Texas, two in Louisiana, two in California, and one in each of the remaining six states in which its refineries are located. See Oechsel Decl., Exh. B at 47-51. The two California refineries' combined crude oil processing capacity (259 million barrels per day or MBPD) is less than that of the two Texas refineries combined (393 MBPD) and less than that of the two Louisiana refineries combined (486 MBPD). Id. Even some states with single refineries exceed or have equivalent capacities to the California refineries combined. See id. (Wood River, Illinois (306), Bayway, New Jersey (238 MBPD), Trainer, Pennsylvania (185 MBPD)).

13. ConocoPhillips owns or has an interest in approximately 30,000 miles of pipeline in the United States. Only 792 miles of its pipeline (or 2%) traverse California. See Oechsel Decl., Exh. B at 54. More than 1,250 miles of pipeline span Texas, not including most of the 542 miles of pipeline stretching between the Sweeny refinery in the southern Gulf coast of Texas to Cushing, Oklahoma. See id.

14. In the United States, ConocoPhillips markets its products through approximately 9,076 outlets in 49 states. California has nearly the equivalent number of outlets as Texas and Missouri. See id. at 40; Oechsel Decl. ¶ 13 (California has 1,201, Texas has 1,032, and Missouri has 944).

15. ConocoPhillips participates in the chemicals sector through its 50 percent ownership of Chevron Phillips Chemical Company LLC (CPChem), a joint-venture with ChevronTexaco, headquartered in The Woodlands, Texas. See Oechsel Decl., Exh. C. The majority of CPChem's major facilities in the United States are located in Texas. Its other major facilities are located in

[2] The U.S. Census Bureau's web site indicates that the populations of these states, as of the 2000 census, were: Alaska (626,932), Oklahoma (3,450,654), Montana (902,195), Texas (20,851,820), Louisiana (4,468,976), New Mexico (1,819,046), Colorado (4,301,261, New Jersey (8,414,350), Washington (5,894,121) and California (33,872,648). See http://quickfacts.census.gov.

Louisiana, Mississippi and Ohio. None are located in California. See id. For all these reasons, ConocoPhillips' operations do not substantially predominate in California. If ConocoPhillips' operations substantially predominate in any one state, that state is Texas.

16. Even if ConocoPhillips' operations do not substantially predominate in Texas, Texas still would be the Company's principal place business under the alternative "nerve center" test. Where, as here, a corporation's activities are arguably widespread and its operations are conducted in many states, courts apply the "nerve center" test to determine the company's principal place of business. See Engels v. Exel Global Logistics, Inc., No. C 04-3944 MHP, 2005 WL 850879, *5 (N.D. Cal. April 11, 2005); Arellano v. Home Depot U.S.A., Inc., 245 F. Supp. 2d 1102, 1106 (S.D. Cal. 2003); Ho, 143 F. Supp. 2d at 1165. Under the "nerve center" test, the principal place of business is the state where the majority of executive and administrative functions are performed. See Tosco, 236 F.3d at 500. Relevant factors include where executives reside and maintain offices, where administrative and financial offices are located, where directors and stockholders meet, where income tax returns are filed, and where day-to-day control over the company is executed. See Unger v. Del E. Webb Corp., 233 F. Supp. 713, 716 (N.D. Cal. 1964), accord State Farm Fire & Casualty Co. v. Byrd, 710 F. Supp. 1292, 1293 (N.D. Cal. 1989).

17. Under the "nerve center" test, ConocoPhillips' principal place of business is in Texas. As explained above, the vast majority of the corporation's executive and administrative functions occur in Texas. For example, all of the executive officers of ConocoPhillips, including the president, chief financial officer, executive vice-presidents, and general counsel, maintain their offices at ConocoPhillips' headquarters in Houston, Texas. See Oechsel Decl. ¶ 3. From its Texas headquarters, ConocoPhillips manages day-to-day operations company-wide, including determining and implementing policy regarding human resources, marketing, finance, accounting, income tax, product distribution, and legal issues. Id. at ¶¶ 2-4. The Company's board room is in Texas where the board of directors generally meet, and the stockholders meetings are held in Texas. Id. at ¶ 5. While its tax returns are filed from its offices in Oklahoma, the Company's financial records are maintained in Texas. Id. at ¶¶ 6-7. In short, because ConocoPhillips' executive and administrative functions are

concentrated in Texas, under the "nerve center test," Texas is ConocoPhillips' principal place of business. See Tosco, 236 F.3d at 500.

18. ConocoPhillips has no knowledge that any Doe Defendants have been served in this action, and the citizenship of such fictitious defendants is disregarded for purposes of removal. See 28 U.S.C. § 1441(a).

19. Although ConocoPhillips Marine is named as a defendant in this action, it is not a separate corporate entity from ConocoPhillips, and, therefore, has no impact on the diversity of the parties here. See Oechsel Decl. ¶ 14.

20. **Amount in Controversy**. Defendant avers, for purposes of this Notice only, that if Plaintiff prevailed on the claims asserted in this action, the requested monetary recovery would exceed $75,000.[3] Plaintiff alleges that he "has suffered loss of wages and benefits, emotional distress, pain and suffering, humiliation and embarrassment" for which he seeks compensatory and punitive damages. Complaint ¶¶ 20, 21, 25, 26.

21. To establish the amount in controversy, which includes compensatory damages, punitive damages, and attorneys fees, a removing defendant "may introduce evidence of jury verdicts in cases involving analogous facts." Simmons v. PCR Tech., 209 F.Supp.2d 1029, 1033-34 (N.D. Cal. 2002) (removal of employment discrimination claim proper when lost wages at time of removal were only $25,600 because potential for punitive damages and attorneys fees satisfied $75,000 minimum).

22. The employment claims alleged here are of the type that have resulted in jury verdicts in excess of $75,000. Plaintiff alleges causes of action for (i) disability discrimination; and (ii) wrongful termination. See Bollinger Decl. ¶ 2, Exh. A at ¶¶ 16-26. Plaintiff also seeks statutory attorneys fees and punitive damages. Id. at 5. Awards in other disability discrimination claims show the amount in controversy requirement is met, especially when the potential for attorneys fees and

[3] A defendant may make the requisite showing by setting forth additional facts in declarations of knowledgeable company officials. See United Computer Systems, Inc. v. AT&T Corp., 298 F.3d 756, 763 (9th Cir. 2002).

punitive damages is taken into account.[4] See Martin v. Arrow Electronics, USDC for Central District of California Case No. SACV041134JVS (June 12, 2006) ($1 million in lost wages, plus punitive damages, awarded to plaintiff alleging wrongful termination and disability discrimination for panic disorder); Roby v. McKesson HBOC, Yolo County Superior Court Case No. CV01573 (May 3, 2004) ($19,014,000 verdict for disability discrimination and wrongful termination due to plaintiff's panic disorder); Czarnik v. Illumina, Inc., San Diego County Superior Court Case No. GIC763972 (July 16, 2002) (plaintiff awarded $2,196,935 plus punitive damages and attorney fees for discrimination and wrongful discharge due to mental disability); DFEH v. County of Tulare, Unknown County Court Case No. E98-99H-012000 (defendant settled claim for disability discrimination related to plaintiff's mental disability for $425,000).

23. **Venue**. The United States District Court for the Southern District of California is the judicial district embracing the place where Case No. 37-2007-00074151-CU-WT-CTL was filed by Plaintiff and is therefore the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, ConocoPhillips requests that the above action now pending against it in the Superior Court of California, County of San Diego, be removed therefrom to this Court.

Dated: October 29, 2007

AKIN GUMP STRAUSS HAUER & FELD LLP
Catherine A. Conway
Julia I. De Beers
Jeremy F. Bollinger

By ______________________
Jeremy F. Bollinger
Attorneys for Defendant
ConocoPhillips Company

---

[4] For the Court's convenience, true and correct copies of the Westlaw Jury Verdict reports are attached as Exhibits D to the Bollinger Declaration.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los Angeles, California 90067. On October 29, 2007, I served the foregoing document(s) described as: **DEFENDANT CONOCOPHILLIPS COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441(A), 1446** on the interested party(ies) below, using the following means:

Joel C. Golden, Esq.
THE LAW OFFICE OF JOEL C. GOLDEN
2356 Moore Street, Suite 201
San Diego, California 92110
Tel: 619.294.7918
Fax: 619.296.8229
*Attorneys for Plaintiff*

☒ BY UNITED STATES MAIL I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 29, 2007 at Los Angeles, California.

David B. Kirvan
[Print Name of Person Executing Proof]

[Signature]

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

ORIGINAL

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I. (a) PLAINTIFFS**
Michael D. Dowd

**DEFENDANTS**
ConocoPhillips Company and ConocoPhillips Marine

FILED
07 OCT 29 PM 12:25
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

'07 CV 2048 IEG (RBB)

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF San Diego, California
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Texas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Joel C. Golden (SBN 47904)
LAW OFFICES OF JOEL C. GOLDEN
2356 Moore Street, Suite 201
San Diego, CA 92110
Tel: 619.294.7918

ATTORNEYS (IF KNOWN)
Catherine A. Conway (SBN 98266)
Jeremy F. Bollinger (SBN 240132)
AKIN GUMP STRAUSS HAUER & FELD LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067; Tel: 310.229.1000

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Causes of action for disability discrimination and wrongful termination.

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

PERSONAL INJURY
- [ ] 362 Personal Injury - Medical Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 441 Voting
- [X] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motion to Vacate Sentence

HABEAS CORPUS:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Conditions

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (13958)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reappointment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions

**VI. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] YES [ ] NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ Docket Number ______

DATE
October 25, 2007

SIGNATURE OF ATTORNEY OF RECORD
[signature] Jeremy F. Bollinger

#143777 $350 VD 10/29/07

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 143774 - KD**

**October 29, 2007**
**12:26:49**

**Civ Fil Non-Pris**
USAO #.: 07CV2048
Judge..: IRMA E GONZALEZ
Amount.: $350.00 CK
Check#.: BC 48247

**Total-> $350.00**

FROM: CIVIL FILING
DOWD V. CONOCOPHILLIPS CO., EA