ORIGINAL

FILED

07 OCT 29 PM 12:31

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: [signature] DEPUTY

CATHERINE A. CONWAY (SBN 98266)
JULIA I. DE BEERS (SBN 233811)
JEREMY F. BOLLINGER (SBN 240132)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
Telephone: 310-229-1000
Facsimile: 310-229-1001

Attorneys for Defendant
ConocoPhillips Company

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. DOWD,<br><br>Plaintiffs,<br><br>v.<br><br>CONOCOPHILLIPS COMPANY AND CONOCOPHILLIPS MARINE,<br><br>Defendants. | Case No. '07 CV 2048 IEG (RBB)<br><br>**DECLARATION OF JEREMY F. BOLLINGER IN SUPPORT OF DEFENDANT CONOCOPHILLIPS COMPANY'S NOTICE OF REMOVAL OF ACTION**<br><br>(San Diego Superior Court, Case No. 37-2007-00074151-CU-WT-CTL) |

# DECLARATION OF JEREMY F. BOLLINGER

I, Jeremy F. Bollinger, certify and declare as follows:

1. I am an attorney at law duly licensed to practice in the Southern District of California and an associate with the law firm of Akin Gump Strauss Hauer & Feld LLP, attorneys of record for Defendant ConocoPhillips in this action. I have personal knowledge of the facts stated herein, and if called and sworn as a witness, I would and could testify competently under oath thereto. I submit this declaration in support of ConocoPhillips Company's Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1332, 1441(a), 1446.

2. On August 27, 2007, a complaint was filed against ConocoPhillips in the San Diego County Superior Court entitled Michael D. Dowd v. ConocoPhillips and ConocoPhillips Marine, Case No. 37-2007-00074151-CU-WT-CTL. On September 25, 2007, ConocoPhillips signed and returned the Notice and Acknowledgement of Service that accompanied a copy of the complaint and summons sent by Plaintiff Michael Dowd.

3. Attached hereto as Exhibit A is a true and correct copy of the Summons, Complaint, and the signed Notice and Acknowledgement of Service.

4. Attached hereto as Exhibit B is a true and correct copy of the Notice of Case Assignment served with the Summons and Complaint.

5. Attached hereto as Exhibit C is a true and correct copy of ConocoPhillips' Answer to Plaintiff's Complaint filed in San Diego Superior Court on October 29, 2007.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

6. Attached hereto as Exhibit D are true and correct copies of the Westlaw Reports on the Jury Verdict in Martin v. Arrow Electronics, USDC for Central District of California Case No. SACV041134JVS (June 12, 2006); Roby v. McKesson HBOC, Yolo County Superior Court Case No. CV01573 (May 3, 2004); Czarnik v. Illumina, Inc., San Diego County Superior Court Case No. GIC763972 (July 16, 2002); DFEH v. County of Tulare, Unknown County Court Case No. E98-99H-012000.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 29th day of October, 2007, in Los Angeles, California.

Jeremy F. Bollinger

EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
CIVIL BUSINESS OFFICE 10
CENTRAL DIVISION

2007 AUG 27 P 2:03

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
CONOCOPHILLIPS AND CONOCOPHILLIPS MARINE

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
MICHAEL D. DOWD

**You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.**

**There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.**

***Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.***

***Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.***

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SAN DIEGO COUNTY SUPERIOR COURT, 330 WEST BROADWAY, SAN DIEGO, CA 92101

CASE NUMBER: 37-2007-00074151-CU-WT-CTL
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JOEL C. GOLDEN, 2356 MOORE STREET, SUITE 201, SAN DIEGO, CA 92110 (619) 294-7918

DATE: AUG 2 7 2007
*(Fecha)*

Clerk, by K Brown, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:



EXHIBIT A
PAGE 3

JOEL C. GOLDEN (#47904)
2356 Moore St., Suite 201
San Diego, CA 92110
Tel: 619-294-7918
Fax: 619-296-8229

Attorney for PLAINTIFF MICHAEL D. DOWD

FILED
CIVIL BUSINESS OFFICE 10
CENTRAL DIVISION

2007 AUG 27 P 2: 03

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN DIEGO – CENTRAL DIVISION**

MICHAEL D. DOWD,

Plaintiff,

vs.

CONOCOPHILLIPS AND CONOCOPHILLIPS MARINE,

Defendants.

Case No.: 37-2007-00074151-CU-WT-CTL

**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**

**1) DISABILITY DISCRIMINATION IN VIOLATION OF CAL. GOV. CODE § 12940(a); AND**

**2) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLCIY; AND**

**JURY TRIAL DEMANDED**

Michael D. Dowd ("PLAINTIFF") through his attorney Joel C. Golden, for his Complaint against ConocoPhillips and ConocoPhillips Marine ("DEFENDANTS") alleges as follows:

**PARTIES**

1) At all times material, PLAINTIFF was a resident of the County of San Diego, State of California and DEFENDANTS' employee as that term is defined in California Government Code Section 12926.



EXHIBIT A

PAGE 4

2) PLAINTIFF began working for Arco in 1978 and began working for DEFENDANTS in 2000 in the same position as AB Seaman when DEFENDANTS acquired Arco.

3) At all times material, DEFENDANTS' corporate headquarters was located at 600 North Dairy Ashford, TN 6013, Houston, Texas 77079-1175 and DEFENDANTS were doing business in the County of San Diego, where all of the alleged actions occurred.

4) At all times material, upon information and belief, Russ Oechsel, Jr. John Pitts and Chris Bulera were the agents and/or employees of DEFENDANTS and were at all times herein mentioned acting within the scope of said agency and employment. PLAINTIFF further alleges that each DEFENDANT gave consent to, ratified, and authorized the acts alleged herein of each of these individuals.

5) At all times material PLAINTIFF was a qualified person with a disability in that he could perform the essential functions of the job with or without accommodation.

6) PLAINTIFF, at all times material, suffered from a mental disability diagnosed by his physician, Nagmo Fatakhova, M.D., as Panic Disorder, Phobia of Flying, and Bipolar Disorder, type II.

7) At all time material DEFENDANTS were aware of PLAINTIFF'S disability and the fact that due to said disability he could not fly in an airplane for over five hours at a time.

8) In early March, 2007 DEFENDANTS informed PLAINTIFF that his assignment was to work on the ship, Polar California, while it was sailing to Singapore and that he would then fly back from Singapore to the United States on a flight that would last over twenty hours.

9) Upon learning of that assignment PLAINTIFF informed DEFENDANTS that he could not accept the assignment due to his disability which prevented him from flying for more than five hours at a time and requested accommodations such as a re-assignment to a different ship, a non-direct flight or a new job.

10) DEFENDANTS requested a letter from PLAINTIFF'S physician confirming the disability which letter, dated May 19, 2007, PLAINTIFF provided.

11) On March 28, 2007 DEFENDANTS informed PLAINTIFF that because he could not accept the assignment on the Polar California and fly back that he was being suspended immediately and during the ensuing 30 days consideration would be given to possible ways to accommodate his restrictions.

12) During the ensuing 30 days (March 28, 2007-April 28, 2007) DEFENDANTS made no effort to accommodate PLAINTIFF nor did they engage in the interactive process with him.

13) On May 10, 2007 DEFENDANTS informed PLAINTIFF in writing that they had received the March 19, 2007 letter from PLAINTIFF'S physician specifying and confirming his disability and that they were unable to accommodate him so his employment had been terminated as of April 28, 2007.

14) Throughout his employment PLAINTIFF performed his work and job assignments in a competent manner.

15) PLAINTIFF timely filed a DFEH Complaint of discrimination against DEFENDANTS and obtained a Right To Sue Notice prior to filing this action.

**FIRST CAUSE OF ACTION**

**DISABILITY DISCRIMINATION**

**IN VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTION 12940(a)**

16) PLAINTIFF hereby realleges and incorporates by reference herein each and every preceding paragraph of this complaint.

17) At all times material California Government Code Section 12940(a) was in full force and effect and applicable to DEFENDANTS.

18) DEFENDANTS' actions constituted unlawful discrimination against PLAINTIFF, in violation of the above-mentioned statute because he was discriminated against in the terms and conditions of his employment by being suspended and thereafter



EXHIBIT A

PAGE 6

terminated because of his disability.

19) DEFENDANTS refused to make reasonable accommodations for PLAINTIFF and further refused to engage in the interactive process with him.

20) As a direct and proximate result of DEFENDANTS' actions and omissions PLAINTIFF has suffered loss of wages and benefits, emotional distress, pain and suffering, humiliation and embarrassment for which DEFENDANTS are liable.

21) DEFENDANTS' actions were fraudulent, malicious and oppressive thereby justifying an award of punitive damages in accordance with California Civil Code Section 3294.

WHEREFORE, PLAINTIFF prays for judgment against DEFENDANTS as more fully set forth below.

**SECOND CAUSE OF ACTION**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

22) PLAINTIFF hereby realleges and incorporates by reference herein each and every preceding paragraph of this complaint.

23) At all times material California Government Code Section 12920 declared that there is a public policy in place in California that assures people that they can seek, maintain and hold employment without discrimination based upon disability.

24) DEFENDANTS' actions in terminating PLAINTIFF violated California's public policy prohibiting discrimination based upon disability.

25) As a direct and proximate result of DEFENDANTS' actions PLAINTIFF has suffered loss of wages and benefits, emotional distress, physical pain and suffering, humiliation and embarrassment for which DEFENDANTS are liable.

26) The above-stated actions were fraudulent, malicious and oppressive thereby justifying an award of punitive damages against DEFENDANTS pursuant to California Government Code Section 3294.

WHEREFORE, PLAINTIFF prays for judgment against DEFENDANTS as more fully set forth below.

**WHEREFORE,** PLAINTIFF prays that this Court grant him the following relief:

1. Judgment against all DEFENDANTS and in favor of PLAINTIFF on all counts of the Complaint;

2. Compensatory damages in an amount according to the proof against all DEFENDANTS;

3. Punitive damages in an amount according to the proof against all DEFENDANTS;

4. Reasonable attorney's fees and costs; and

5. Any and all such other relief as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY TRIAL**

DATED: 8/22/07 BY: [signature]

Joel C. Golden
Attorney for Plaintiff Michael D. Dowd

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Joel C. Golden (SBN 47904)<br>2356 Moore Street, Suite 201<br>San Diego, CA 92110<br>TELEPHONE NO.: 619-294-7918 FAX NO. *(Optional)*: 619-296-8229<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Michael Dowd (Plaintiff) | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego<br>STREET ADDRESS:<br>MAILING ADDRESS: 330 West Broadway<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Central | |
| PLAINTIFF/PETITIONER: Michael Dowd<br>DEFENDANT/RESPONDENT: ConocoPhillips | |
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>37-2007-00074151 |

TO *(insert name of party being served)*: CONOCOPHILLIPS COMPANY

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: ~~8-5-07~~ Sept 5, 2007 as confirmed by J. Golden

JOEL C. GOLDEN ▶ [signature]

(TYPE OR PRINT NAME) (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:

1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify)*:

NOTICE OF CASE ASSIGNMENT
NOTICE TO LITIGANTS
STIPULATION RE ADR

***(To be completed by recipient)*:**

Date this form is signed: 9/25/2007

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED) ▶ [signature]

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

ATTORNEY FOR DEFENDANT CONOCOPHILLIPS COMPANY



American LegalNet, Inc.
www.USCourtForms.com

EXHIBIT A

PAGE 9

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Central<br>TELEPHONE NUMBER: (619) 685-6151 | |
| PLAINTIFF(S) / PETITIONER(S): Michael D. Dowd | |
| DEFENDANT(S) / RESPONDENT(S): Conocophillips et.al. | |
| DOWD VS. CONOCOPHILLIPS | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2007-00074151-CU-WT-CTL |

Judge: Kevin A. Enright

Department: C-72

**COMPLAINT/PETITION FILED:** 08/27/2007

**CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

EXHIBIT C

**AKIN GUMP STRAUSS HAUER & FELD LLP**
CATHERINE A. CONWAY (SBN 98366)
JULIA I. DE BEERS (SBN 233811)
JEREMY F. BOLLINGER (SBN 240132)
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
Telephone: 310-229-1000
Facsimile: 310-229-1001

Attorneys for Defendant
ConocoPhillips Company

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| MICHAEL D. DOWD,<br><br>Plaintiff,<br><br>v.<br><br>CONOCOPHILLIPS AND CONOCOPHILLIPS MARINE,<br><br>Defendants. | Case No. 37-2007-00074151-CU-WT-CTL<br><br>[Hon. Kevin A. Enright]<br><br>**DEFENDANT CONOCOPHILLIPS COMPANY'S ANSWER TO PLAINTIFF MICHAEL D. DOWD'S UNVERIFIED COMPLAINT**<br><br>[Notice to Adverse Parties and Notice to Superior Court of Filing of Removal filed concurrently herewith]<br><br>Date Action Filed: August 27, 2007 |

EXHIBIT C

PAGE 11

Defendant ConocoPhillips Company ("ConocoPhillips") answers the unverified Complaint ("Complaint") of plaintiff Michael D. Dowd ("Plaintiff"), as follows:

**GENERAL DENIAL**

Pursuant to section 431.30(d) of the California Code of Civil Procedure, ConocoPhillips generally denies each and every allegation of Plaintiff's unverified Complaint.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

(Failure to State a Claim)

ConocoPhillips is informed and believes, and on that basis alleges, that the Complaint fails to state facts sufficient to constitute any cause of action against ConocoPhillips.

**Second Affirmative Defense**

(Statute of Limitations)

ConocoPhillips is informed and believes, and on that basis alleges, that Plaintiff's claims are barred by the applicable statute of limitations.

**Third Affirmative Defense**

(Failure to Exhaust Administrative Remedies)

ConocoPhillips is informed and believes, and on that basis alleges, that Plaintiff's claims are barred to the extent Plaintiff failed to exhaust his administrative remedies.

**Fourth Affirmative Defense**

(At-Will Employee)

ConocoPhillips is informed and believes, and on that basis alleges, that Plaintiff is barred from any recovery in this action because Plaintiff's employment relationship with ConocoPhillips was governed by California Labor Code section 2922 and, therefore, terminable-at-will.



EXHIBIT C
PAGE 12

**Fifth Affirmative Defense**

(Legitimate Non-Discriminatory Actions)

ConocoPhillips is informed and believes, and on that basis alleges, that Plaintiff is barred from any recovery in this action because all of ConocoPhillips actions toward Plaintiff were taken for legitimate non-discriminatory, non-retaliatory reasons.

**Sixth Affirmative Defense**

(Justification and Privilege)

ConocoPhillips is informed and believes, and on that basis alleges, that the conduct of ConocoPhillips as alleged in the Complaint was justified and privileged under the circumstances.

**Seventh Affirmative Defense**

(Consent)

ConocoPhillips is informed and believes, and on that basis alleges, that Plaintiff consented to the alleged conduct of ConocoPhillips that is the subject of the Complaint.

**Eighth Affirmative Defense**

(Waiver)

ConocoPhillips is informed and believes, and on that basis alleges, that Plaintiff's claims are barred, in whole or in part, in that Plaintiff, by his acts, conduct and omissions, expressly or impliedly waived whatever rights he may have had against ConocoPhillips.

**Ninth Affirmative Defense**

(Estoppel)

ConocoPhillips is informed and believes, and on that basis alleges, that Plaintiff is estopped from asserting any claim against ConocoPhillips by reason of his own acts and omissions upon which ConocoPhillips relied to its detriment.

**Tenth Affirmative Defense**

(Avoidable Consequences)

ConocoPhillips is informed and believes, and on that basis alleges, that Plaintiff is barred from any recovery in this action because he failed to take reasonable steps to avoid the injuries he purportedly suffered in that, among other things, he unreasonably failed to utilize ConocoPhillips' internal complaint procedures.

**Eleventh Affirmative Defense**

(Reasonableness and Good Faith)

ConocoPhillips is informed and believes, and on that basis alleges, that Plaintiff is barred from any recovery in this action because ConocoPhillips and its agents acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted.

**Twelfth Affirmative Defense**

(Failure to Mitigate)

ConocoPhillips is informed and believes, and on that basis alleges, that Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate the injury or damages alleged in the Complaint.

**Thirteenth Affirmative Defense**

(Unclean Hands)

ConocoPhillips is informed and believes, and on that basis alleges, that Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

EXHIBIT C

PAGE 14

**Fourteenth Affirmative Defense**

(After-Acquired Evidence)

ConocoPhillips is informed and believes, and on that basis alleges, that Plaintiff's claims are barred by the after-acquired evidence doctrine.

**Fifteenth Affirmative Defense**

(Inability To Perform Essential Job Duty)

ConocoPhillips is informed and believes, and on that basis alleges, that its conduct was lawful because Plaintiff was unable to perform an essential job duty even with reasonable accommodations

**Sixteenth Affirmative Defense**

(Health and Safety)

ConocoPhillips is informed and believes, and on that basis alleges, that its conduct was lawful because, even with reasonable accommodations, Plaintiff was unable to perform an essential job duty without endangering his health and safety or the health and safety of others.

**Seventeenth Affirmative Defense**

(Undue Hardship)

ConocoPhillips is informed and believes, and on that basis alleges, that Plaintiff's proposed accommodations would create an undue hardship to the operation of ConocoPhillips' business.

**RESERVATION OF RIGHTS**

ConocoPhillips hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defenses.

EXHIBIT C

PAGE 15

WHEREFORE, ConocoPhillips prays for judgment in its favor and requests that the Court:

1. Dismiss the Complaint with prejudice;

2. Award ConocoPhillips its reasonable attorneys' fees and costs of suit; and

3. Grant ConocoPhillips such other relief as may be appropriate.

Dated: October 29, 2007

AKIN GUMP STRAUSS HAUER & FELD LLP
Catherine A. Conway
Julia I. De Beers
Jeremy F. Bollinger

By ____________________
Jeremy F. Bollinger
Attorneys for Defendant
ConocoPhillips Company

EXHIBIT C

PAGE 16

29 Trials Digest 9th 14 (C.D.Cal.), 2006 WL 2044626
For Dockets See 8:04cv01134

Copyright (c) 2007 Thomson/West

United States District Court, C.D. California, Southern Division.

Martin vs. Arrow Electronics

TOPIC:
Synopsis: Company fails to accommodate employee's disability
Case Type: Labor & Employment; Termination/Constructive Discharge; Labor & Employment; Disability/Medical Condition; Labor & Employment; Violation of Public Policy

DOCKET NUMBER: SACV041134JVS

STATE: California
COUNTY: Not Applicable

Verdict/Judgment Date: June 12, 2006

JUDGE: James V. Selna

ATTORNEYS:
Plaintiff: Lance Green, Law Offices of Lance Green, Beverly Hills.; Anthony Lanza, Lanza & Goolsby, Irvine.
Defendant: Gerald Griffin, Gibbs, Giden, Locher & Turner, Los Angeles.; Gary Scalabrini, Gibbs, Giden, Locher & Turner, Los Angeles.

SUMMARY:
Verdict/Judgment: Plaintiff
Verdict/Judgment Amount: $1,500,000

Range: $1,000,000-$1,999,999

The jury concluded that defendant wrongfully terminated plaintiff based upon the disabilities he developed during his four-year employment and that the company failed to offer him a reasonable accommodation for his disabilities pursuant to the Fair Employment & Housing Act, which is California's parallel statute to the Americans with Disabilities Act. The jury's award included over $1 million in lost wages, plus punitive damages based upon a finding that defendant's misconduct constituted fraud, oppression, or malice.
Trial Type: Jury

EXHIBIT D

PAGE 17

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Trial Length: 2 weeks.
Deliberations: 1 day.
Jury Poll: Not reported.

EXPERTS:
Other: Dominick Addario M.D., psychiatrist, San Diego, (619) 295-2189.
Deborah Dickson C.P.A., certified public accountant, Irvine, (949) 553-1020.

TEXT:
CASE INFORMATION
FACTS/CONTENTIONS

According to Plaintiff: Plaintiff Douglas Martin was a general manager at defendant Arrow Electronics, based in Melville, New York, in charge of roughly 50 employees involved in the distribution of electric components. He was a top performer at Arrow until he became disabled in 2001, at which time he was terminated while on disability leave under the guise of a layoff. Plaintiff alleged that his employment was terminated based upon progressively worsening and disabling ailments, including anxiety disorder, **panic** attacks, **panic** disorder without agoraphobia, and, ultimately, **panic** disorder with agoraphobia. Plaintiff alleged that defendant manufactured an explanation for his termination while he was on a leave of absence after having suffered a severe **panic** attack and proceeded to terminate him based on his psychiatric disabilities.

Plaintiff further alleged that defendant's misconduct contributed significantly to his deteriorating health, specifically including the decision by defendant's HR to send notice of termination while he was in a particularly vulnerable psychiatric state, despite explicit advance warning from his psychologist and despite a failure to make any effort to accommodate plaintiff's known disabilities.

Plaintiff generally alleged that defendant's conduct constituted **disability discrimination** pursuant to the California Fair Employment and Housing Act (FEHA) and failure to reasonably accommodate a disability under FEHA.

Defendant denied that the termination of plaintiff's employment was the result of any discriminatory or unlawful action. Plaintiff was laid off as part of a corporate re-organization by defendant. During the year that plaintiff was laid off, defendant eliminated 930 positions, or eight percent of its worldwide personnel, as part of a restructuring of operations. In the case of plaintiff, his job was allegedly eliminated after two of defendant's operating units were integrated. Due to the integration, the managerial assignments of several operating units, including Arrow Bell Components, were changed. Based on his qualifications, Peter Ainsworth was assigned as the general manager of Arrow Bell Components for the San Jose market. Defendant contended that, ultimately, the decision to lay off plaintiff was a just and proper exercise of management discretion on the part of Arrow, undertaken for a fair and honest reason and regulated by good faith.

CLAIMED INJURIES
According to Plaintiff: Exacerbation of emotional distress.

CLAIMED DAMAGES
According to Plaintiff: $607,385 past lost earnings; $547,194 future lost earnings; $41,000 past medical; $24,000 future medical; $300,000 past physical pain and mental suffering; $1,000 punitive damages.

SETTLEMENT DISCUSSIONS

EXHIBIT D

PAGE 18

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

According to Plaintiff: Not reported.

COMMENTS
According to Plaintiff:
According to plaintiff's counsel, this was the largest reported employment verdict in Orange County this year, including state and federal filings for wrongful termination, discrimination, and labor disputes. It was also the second largest federal verdict on Orange County this year and the fourth largest verdict of any type in Orange County, federal or state.

Trials Digest, A Thomson/West business

Central District Federal Court/Santa Ana

29 Trials Digest 9th 14 (C.D.Cal.), 2006 WL 2044626

END OF DOCUMENT

EXHIBIT D
PAGE 19

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

24 Trials Digest 7th 4 (Cal.Superior), 2004 WL 1385971

Copyright (c) 2007 Thomson/West

Superior Court, Yolo County, California.

Roby vs. McKesson HBOC

TOPIC:
Synopsis: Employee sues for wrongful discharge in violation of public policy
Case Type: Employment; Termination; Violation of Public Policy; Employment; Disability/Medical Condition; Employment; Termination; Discriminatory; Fair Employment and Housing Act; Employment; Harassment

DOCKET NUMBER: CV01573

STATE: California
COUNTY: Yolo

Verdict/Judgment Date: May 3, 2004

JUDGE: Timothy L. Fall

ATTORNEYS:
Plaintiff: David deRubertis, The deRubertis Law Firm, Woodland Hills.; Christopher H. Whelan, Law Offices of Christopher H. Whelan, Gold River.
Defendant: Phillip E. Drysdale, Baum & Weems, Dublin.; Sarah Robertson, Fitzgerald, Abbott & Beardsley, Oakland.

SUMMARY:
Verdict/Judgment: Plaintiff
Verdict/Judgment Amount: $19,014,000

Range: $5,000,000-$999,999,999

Against defendant McKesson HBOC: $605,000 past economic loss; $706,000 future economic loss; $2,200,000 emotional distress; $15,000,000 punitive damages. Against defendant Schoener: $500,000 emotional distress; $3,000 punitive damages.
Trial Type: Jury
Trial Length: 17 days.
Deliberations: 1 day.
Jury Poll: Not reported.

EXPERTS:

EXHIBIT D
PAGE 20

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Plaintiff: Charles R. Mahla, Ph.D., economist, Econ One Research, Inc., Sacramento, (916) 449-2860.; Joseph S. Schnitzler, psychiatrist, Vacaville, (707) 451-0182.

FOR RELATED TRIAL DOCUMENTS SEE:
Complaint for Damages 1) **Wrongful Termination** (Breach of Contract) 2) **Wrongful Termination** (Public Policy Violation) 3) Disability Discrimination, Harassment, Retaliation, Failure to Meet and Confer and Failure Accommodate 4) Defamation: 2001 WL 34786828
Defendants' Answer to Plaintiff's Unverified Complaint for Damages: 2001 WL 34786829
Defendants' Trial Brief: 2004 WL 3363527
Defendants' Proposed Jury Instructions: 2004 WL 3362056

TEXT:
CASE INFORMATION
FACTS/CONTENTIONS

According to Plaintiff: A long-time McKesson employee sued the company and her supervisor for wrongful discharge in violation of public policy. The plaintiff was Charlene J. Roby. The defendants were McKesson HBOC and Karen Schoener. Plaintiff was a 25-year employee of McKesson, the largest drug distribution company in the United States, holding the 16th position on the Fortune 500 list for revenue (2003 revenues: $57 billion). At the time of her termination, plaintiff worked as a customer service liaison in McKesson's West Sacramento distribution center. Her performance had always been excellent, as confirmed by every defense witness. The reason stated for her termination was that she missed 10 days from work over a 14-month period for which she was not able to give management 24 hours warning. These absences were held against her under McKesson's 'no fault' policy, even though plaintiff used her vacation time and sick time to cover them. Most of the absences were the result of uncontrollable panic attacks for which plaintiff had no forewarning. McKesson was well aware of plaintiff's panic attack condition, which was diagnosed in 1997. She had doctor's certifications excusing certain absences and letters regarding this condition in her personnel file before her termination. In early 1999, defendant Schoener became plaintiff's supervisor and began harassing her because of her condition. For the first 24 years of her career at McKesson, plaintiff had good attendance and an exemplary work record. She received stellar performance reviews from all of her supervisors, even from Schoener and Alan Grover, the managers responsible for her firing. McKesson's management and employees testified that before 1999 plaintiff did not have any attendance problems. In 1999, as a result of Schoener's harassment, plaintiff's panic disorder took a turn for the worse. She began to suffer more frequent and severe panic attacks, causing her to break out in profuse sweating and to pick and scratch at her arms.
Witnesses described plaintiff's arms as a mass of scabs, sores, and scars. They also described plaintiff's sweating as so severe that, at times, her hair looked like she had just stepped out of a shower. Because of the panic attacks, plaintiff missed an occasional day, averaging less than one per month in the last year before McKesson fired her. But, under McKesson's 'no fault' attendance policy, employees' unplanned absences were punished harshly, even in those instances in which an employee, such as plaintiff, would use her sick time or vacation time to cover the absence. After receiving a 'final written warning' in October 1999, plaintiff testified that Schoener told her she would have a 'clean slate' if she made it to January 18, 2000 without any more unscheduled absences, which she did. But, when plaintiff missed two more days in 2000, McKesson fired her. McKesson's management

EXHIBIT D

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

PAGE 21

admitted that even under its 'no fault' policy, it could not have fired plaintiff if her last absence had occurred only one week later. No consideration or grace period was granted to plaintiff, who had performed excellently for 25 years, for the confusion that her manager's misinformation may have caused.

Under a 'no fault' attendance policy such as McKesson's, unscheduled absences are punished regardless of the reason for the absence or whether the employee uses vacation or sick time to cover the absence. It is well known to human resource professionals that rigid use of 'no fault' attendance policies often violates state and federal laws guaranteeing employees medical leave when needed and protection against **disability discrimination**. McKesson did not train its management or human resource employees in how to make sure its 'no fault' policy was not applied in a way that violated state and federal law. The evidence showed that McKesson's managers applied its 'no fault' policy in different ways to different employees. McKesson's witnesses and managers testified at trial that they still had not received any additional training on state and federal disability and medical leave laws, even after three years of litigation challenging McKesson's 'no fault' policy, and that McKesson had no intentions of providing this training. McKesson also had no concern as to what would happen to plaintiff as a result of her termination, and it was not concerned enough about disabled employees' rights to obtain any training regarding California Family Rights Act (CFRA) or Fair Employment and Housing Act (FEHA) disability rights.

McKesson's attendance policy was set up to allow each manager to interpret and apply the confusing policy as he saw fit. This led to abuses and favoritism. Schoener did not know what CFRA or disability rights were, and even up to the time of trial she had not had training in those areas. McKesson's distribution center manager, Alan Grover, who made the ultimate decision to terminate plaintiff, also admittedly did not understand CFRA or disabled employees' rights under California law, and he had no plans to obtain any training in those areas. Grover believed that CFRA rights were available only to pregnant women.

McKesson's initial defense appeared to be that plaintiff was such an excellent employee that they did not know that she was disabled. However, they admittedly knew that she had a panic disorder and was receiving ongoing treatment for it. McKesson shifted its defense to claim that it did not know that the absences were related to plaintiff's panic disorder and that she did not provide them with the required information for medical leave. Plaintiff's personnel file included notes from her psychiatrist excusing some of the absences that led to her firing and other notes advising management of plaintiff's chronic panic disorder, its treatment, and medications used to control it. Another excuse that McKesson gave for not providing plaintiff protection under CFRA and FMLA was, according to the distribution center manager, that plaintiff had to use 'magic words' to effectively request CFRA or FMLA leave. However, McKesson managers admitted that neither these 'magic words' nor any similar requirements or procedures were disclosed either in writing or orally to employees.

The jury was instructed that no 'magic words' had to be used for an employee to obtain CFRA leave. The employee only had to provide information that would cause a reasonable employer to suspect that there was a connection between the absences and the condition. McKesson's managers testified that they took no steps to find out if this was true, even after plaintiff provided written notice that her absences were caused by her disability. They admittedly did not ask plaintiff or her doctor about what caused the absences. They testified that they had no concern as to the cause of plaintiff's absences or whether the firing would be emotionally and financially devastating to plaintiff, a single mother with two children. Plaintiff testified that since her termination she has become terrified of people and crowds and her world has become the four walls of her bedroom. Plaintiff had lived in the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Sacramento area her whole life, but was forced to move to Oregon to be with relatives in order to survive. She has been unemployed and totally disabled since her termination.
The jury found that Schoener harassed plaintiff and that she was terminated on April 14, 2000 because of her **mental** disability in violation of her rights under the CFRA, FMLA, and disability protection under the Fair Employment and Housing Act. The jury found that McKesson's conduct was malicious and that upper management at McKesson ratified and approved the harassment, illegal firing, and denial of plaintiff's needed medical leave.

CLAIMED INJURIES
According to Plaintiff: Severe emotional distress; self-mutilation; agoraphobia leading to total disability.

CLAIMED DAMAGES
According to Plaintiff: Past and future wage loss; past and future emotional distress; punitive damages.

SETTLEMENT DISCUSSIONS
According to Plaintiff: McKesson offered to settle for $10,000. Plaintiff made no counter-offer and merely said, 'we obviously see this case differently.'

EXPERT TESTIMONY
According to Plaintiff: Plaintiff's psychiatrist, Dr. Schnitzler, testified that the emotional trauma from the firing was career ending and caused plaintiff's agoraphobia, which left her totally disabled.

COMMENTS
According to Plaintiff: Plaintiff's attorney reported that this was the largest verdict in California history for this type of case. Defendants intend to file post-trial motions and an appeal if necessary. Christopher H. Whelan provided the information for this report.

Trials Digest, A Thomson/West business

Yolo County Superior Court

24 Trials Digest 7th 4 (Cal.Superior), 2004 WL 1385971

END OF DOCUMENT

EXHIBIT D

PAGE 23

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2 Trials Digest 6th 4 (Cal.Superior), 2002 WL 31961635

Copyright (c) 2007 Thomson/West

Superior Court, San Diego County, California.

Czarnik vs. Illumina, Inc.

TOPIC:
Synopsis: Chief scientific officer of biotech company wins large award for employment discrimination
Case Type: Employment; Termination; Discriminatory; Employment; Retaliation; Employment; Termination; Violation of Public Policy

DOCKET NUMBER: GIC763972

STATE: California
COUNTY: San Diego

Verdict/Judgment Date: July 16, 2002

JUDGE: Ronald S. Prager

ATTORNEYS:
Plaintiff: Anthony F. Pantoni, Law Office of Anthony F. Pantoni, San Diego.
Defendant: Noemi C. Espinosa, Illumina, Inc./Intel Prop, San Diego.; Jennifer A. Kearns, Brobeck Phleger & Harrison LLP, San Diego.

SUMMARY:
Verdict/Judgment: Plaintiff
Verdict/Judgment Amount: $7,196,935

Range: $5,000,000-$999,999,999

After deliberating for one and one-half days, the jury returned a verdict in favor of plaintiff in the liability and compensatory phase of the trial and awarded him $2,196,935. The jury also found that defendant acted with malice, and after another half day of deliberations, the jury awarded plaintiff $5,000,000 in punitive damages. Plaintiff was also awarded $325,000 in attorney fees.
Trial Type: Jury
Trial Length:
Deliberations: 1.5 days.
Jury Poll: Not reported.

EXHIBIT D
PAGE 24

EXPERTS:
Plaintiff: Brian P. Brinig CPA, J.D., economist, Brinig & Company, San Diego, (619) 687-2600.
Defendant: Michael P. Ward Ph.D., economist, Welch & Associates, Santa Monica, (310) 393-5530.

TEXT:
CASE INFORMATION
FACTS/CONTENTIONS

According to Plaintiff: A chief scientific officer sued his employer for discrimination and wrongful discharge. The plaintiff was Anthony W. Czarnik. The defendant was Illumina, Inc. In the summer of 1998, plaintiff and others founded defendant Illumina, Inc., a biotechnology company that developed tools to analyze genes. In 1999, plaintiff, who was serving as the chief scientific officer, disclosed to the management that he suffered from depression. Plaintiff alleged that after he disclosed his illness to the company officials, he was left out of management strategy meetings and was excluded from significant business activities. After complaining to management that he had been discriminated against, and later filing a complaint with the Department of Fair Employment and Housing, plaintiff alleged that he was retaliated against, by, among other things, being placed on a performance plan and assigned unreasonable performance goals. Plaintiff alleged that he then began to verbalize strong concerns about an important experiment that the company was conducting to the effect that information derived from this experiment should not be used on its 'road show' presentations to potential investors during its initial public stock offering. On September 5, 2000, plaintiff was terminated. Plaintiff alleged that he was discriminated against after he disclosed his **mental** disability (depression) to defendant's management. When he complained of discrimination and ostracization, plaintiff maintained that defendant retaliated against him. Finally, plaintiff alleged that, in part, defendant terminated his employment in violation of public policy because he raised his concerns to company management about the use or planned use of information/conclusions derived from an experiment that would mislead potential investors.
Defendant denied all of plaintiff's allegations. Defendant maintained that in February 2000, plaintiff offered to step down from the CSO position and to assume the position of research fellow, which was an individual contributor position lacking the management responsibilities he previously held. Defendant contended that after accepting the research fellow position, plaintiff resigned and began trying to negotiate a severance package. After these negotiations reached a standstill, plaintiff for the first time voiced his allegations of **disability discrimination**. Defendant denied any retaliation against plaintiff for voicing his complaint. Finally, with respect to plaintiff's third claim, defendant denied that plaintiff raised any concern about misleading potential investors, and denied that he was terminated in violation of public policy. Defendant contended that plaintiff was terminated for longstanding poor job performance and poor work ethic, and for failing to meet or even attempting to meet individual goals assigned to him. Defendant further denied that there was any evidence of malice whatsoever.

CLAIMED INJURIES
According to Plaintiff: Emotional distress.

CLAIMED DAMAGES

EXHIBIT D
PAGE 25

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

According to Plaintiff: $1,700,000 economic damages due to loss of the value of his stock in Illumina; emotional distress damages; and punitive damages.

SETTLEMENT DISCUSSIONS
According to Plaintiff: Demand: $1,500,000. Offer: $200,000.

Trials Digest, A Thomson/West business

San Diego County Superior Court/Central

2 Trials Digest 6th 4 (Cal.Superior), 2002 WL 31961635

END OF DOCUMENT

EXHIBIT D

PAGE 26

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

JVR No. 801439 (Unknown State Ct.), 2000 WL 1672184
COPR. (C) 2007 LRP Publications

Unknown State Ct.

DFEH v. COUNTY OF TULARE

E98-99H-012000

No Date Given

TOPIC:

SUMMARY
Outcome: Settlement
Non Verdict Award: $425,000

EXPERT-WITNESSES:

ATTORNEY:

JUDGE:

RANGE AMOUNT: $200,000-499,999

STATE: California
COUNTY: Tulare

SUMMARY
SETTLEMENT TIME: After Filing
PLAINTIFF:
Sex: Female
General Occupation: MIDDLE MANAGEMENT
Occupational Field: Services-Health

PRIMARY STATUTE OR GROUND: Disability Discrimination-State
SECONDARY STATUTE OR GROUND:
GENERAL ENTITY TYPE: Service Industry
SPECIFIC ENTITY TYPE: Health Services
ADVERSE EMPLOYMENT ACTION: Failure to hire or rehire
AMOUNT OF AWARD AFTER STATUTORY LIMIT:
ATTORNEY'S FEES:

FACTS:

EXHIBIT D
PAGE 27

The plaintiff sued the defendant county on behalf of a female health and services agency manager claiming **disability discrimination** in violation of state laws. The plaintiff alleged that, after she completed a medical leave due to a **mental** disability, she was cleared to return to work by her health care provider, that the defendant refused to allow her to return and that she was placed on retirement. The defendant denied liability and agreed to a settlement.

LRP Publications

COURT:

JVR No. 801439 (Unknown State Ct.), 2000 WL 1672184

END OF DOCUMENT

EXHIBIT D

PAGE 28

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los Angeles, California 90067. On October 29, 2007, I served the foregoing document(s) described as: **DECLARATION OF JEREMY F. BOLLINGER IN SUPPORT OF DEFENDANT CONOCOPHILLIPS COMPANY'S NOTICE OF REMOVAL OF ACTION** on the interested party(ies) below, using the following means:

Joel C. Golden, Esq.
THE LAW OFFICE OF JOEL C. GOLDEN
2356 Moore Street, Suite 201
San Diego, California 92110
Tel: 619.294.7918
Fax: 619.296.8229
*Attorneys for Plaintiff*

☒ BY UNITED STATES MAIL I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 29, 2007 at Los Angeles, California.

David B. Kirvan
[Print Name of Person Executing Proof]

David B. Kirvan
[Signature]