JOEL C. GOLDEN (SBN 47904)
**THE LAW OFFICE OF JOEL C. GOLDEN**
2356 Moore Street, Suite 201
San Diego, California 92110
Telephone: 619-294-7918
Facsimile: 619-296-8229

Attorney for Plaintiff Michael Dowd

CATHERINE A. CONWAY (SBN 98266)
JULIA I. DE BEERS (SBN 233811)
JEREMY F. BOLLINGER (SBN 240132)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
Telephone: 310-229-1000
Facsimile: 310-229-1001

Attorneys for Defendant
ConocoPhillips Company

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. DOWD,<br><br>Plaintiffs,<br><br>v.<br><br>CONOCOPHILLIPS COMPANY AND CONOCOPHILLIPS MARINE,<br><br>Defendants. | Case No. 07-cv-2048 IEG (RBB)<br><br>**STIPULATED AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL DISCOVERY MATERIAL** |

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Michael D. Dowd ("Plaintiff") and Defendant ConocoPhillips Company ("Defendant") collectively (the "Parties"), through their undersigned counsel, that this Court enter the following Stipulated and Proposed Protective Order Regarding Confidential Discovery Material ("Stipulated Protective Order") with respect to pre-trial discovery. This Stipulated Protective Order will govern documents and information produced by the parties in response to discovery requests in this case, Civil Action No. 3:07-CV-02048 IDG RBB ("discovery material").

## I. DESIGNATION AND USE OF CONFIDENTIAL MATERIAL

A. During the course of litigation, either party may seek to have discovery material classified as "confidential." Any party ("designating party") may designate as confidential any discovery material if the party in good faith believes that it contains confidential personnel or personal information regarding current or former employees of Defendant, or its parents or subsidiaries; or confidential commercial information; trade secrets, or confidential research; or any other confidential protected information under California law. Discovery material that is so designated is referred to herein as "Confidential Material." The designating party will mark each page "Confidential" of any document designated as such. The designation will be made to avoid obscuring or defacing any portion of the discovery material. Should any party, counsel for any party, or any person not a party to this action, who obtains access to any Confidential Material make copies of or from such material, the material will also be designated Confidential and all references in this Stipulated Protective Order will be deemed to apply to such copies. Testimony based on information designated Confidential will be identified as such either by a statement on the record or marking as Confidential documents or selected pages of documents containing such testimony. If either party, through inadvertence, fails to designate discovery material as Confidential, but thereafter determines that such discovery material should have been so designated, it promptly will provide written notice of the Confidential designation and to the extent practicable the discovery material will be treated as Confidential Material from the date of

receipt of such notice. Likewise, if a party designates discovery material Confidential and later determines that such discovery material should not have been so designated, it will promptly provide written notice of the removal of the designation along with a duplicate copy of the discovery material without the Confidential marking.

B. All Confidential Material and any portion thereof, including copies thereof, and any information derived therefrom, will be deemed confidential and will be for use in these proceedings only, including purposes that may be considered ancillary to this action but are related to the resolution of the claims asserted in the action, such as the mediation, negotiation, and/or voluntary arbitration of one or more of the asserted claims.

C. All Confidential Material and any portion thereof, including copies thereof, and any information derived therefrom will not be disclosed in any way to anyone other than: (a) the Court and Court personnel; (b) the Parties' counsel and their staff; (c) stenographic reporters; (d) the named parties; (e) any current or former officers, directors, or employees of the parties who are needed to assist their counsel in this action; and the following, provided that they expressly agree to be bound by the terms of this Stipulated Protective Order by executing the form attached as Exhibit A (discussed below in section II); (f) any expert or consultant retained in connection with this action; (g) witnesses and potential witnesses at, and in preparation for, deposition, trial, or hearing herein, and (h) outside vendors who perform photocopying, data entry, or similar clerical functions. Confidential Material may not be disclosed to any other person or entity without the prior written consent of the designating party or order of the Court. Any disclosure should be only to the extent reasonably necessary for the effective prosecution and defense of the claims in this action, and for no other purpose.

## II. CONDITIONS OF DISCLOSURE

A. As set forth in paragraph I.B. above, prior to the disclosure of Confidential Material or any information contained therein to the persons qualified to receive it but required to execute Exhibit A, counsel for the requesting party will secure from each such person the signed Exhibit A, which provides that he or she has read this Stipulated Protective Order, he or she will not divulge any Confidential Material or any information contained therein except in the preparation, trial, or appeal of

this action and in accordance with the terms and conditions of the Stipulated Protective Order, and that he or she will not use the material for any other purpose.

B. Confidential Material will be copied only by the parties' counsel in this action or by personnel or outside vendors assisting such counsel and only for purposes permitted by this Stipulated Protective Order, and control and distribution of confidential material and copies thereof will be the responsibility of such counsel, who will maintain a list of all persons to whom confidential material has been disclosed as well as the written assurances executed by such persons as provided in paragraphs I.B. and II.A. For good cause shown in connection with any question of improper disclosure, a designating party may request the Court to order a party to disclose in camera a list of all persons to whom Confidential Material has been disclosed as well as the written assurances executed by such persons.

C. The restrictions set forth in this Stipulated Protective Order will not apply to: (a) information that was, is or becomes public knowledge through its authorized release by a person or entity who rightfully obtained and possesses such information during the normal course of business, and not in violation of this Stipulated Protective Order; or (b) Defendant (or its affiliates), with respect to their own information or information received or created during the normal course of their own business. Whether information that becomes a matter of public record in any other manner may still be subject to protection as confidential will be determined according to the standards and procedures set forth herein. The owner of Confidential Material will be able to seek protection of that information in accordance with the provisions of this Stipulated Protective Order, even if it did not produce that information in discovery.

## III. PROTECTING CONFIDENTIAL INFORMATION AT DEPOSITIONS

A. During a deposition, either party may request any person present to sign the attached Exhibit A.

B. To designate confidential information in testimony, the designating party will (a) make an oral statement to that effect on the record, or (b) notify the recipient in writing at any time up to 30 days after receipt of the transcript.

C. If any Confidential Material is marked as an exhibit in a deposition, or hearing, or other proceeding in this action, and its contents are disclosed, wholly or partially, in the course of the testimony at such proceeding, counsel for the parties will (a) advise the reporter that the exhibit(s) refer to Confidential Material or (b) notify the recipient in writing at any time up to 30 days after receipt of the transcript. In either case, the exhibit itself, as well as the portions of the transcript containing such disclosure, will be marked Confidential and will be deemed Confidential Material. To this end, the reporter will not furnish copies thereof to anyone other than counsel of record for the parties herein, and, if so requested by such counsel, the witness and the witness' counsel.

## IV. <u>USE OF CONFIDENTIAL INFORMATION IN COURT FILINGS</u>

The parties agree that neither party is required to file pleadings and other documents submitted to the Court under seal, except that the parties agree that any Confidential Material will be submitted to the Court under seal pursuant to Civil Local Rule 79-5 et seq. unless the parties agree in advance that sealing is not necessary. The parties agree to endeavor to minimize the number of documents filed with the Court that contain Confidential or Highly Confidential Information.

## V. <u>CHALLENGING A CONFIDENTIAL DESIGNATION</u>

If at any time during this litigation a party disputes the designation of discovery material as Confidential, the objecting party will notify the designating party in writing by facsimile of such dispute. The objecting party's notice will identify the material in dispute and explain the basis for the objection. The designating party will have 10 calendar days to provide a written response by facsimile to the notice, explaining its reason for designating the material at issue as Confidential. Should the objecting party dispute such reasons, the objecting party may submit to the Court: (1) a copy of this Stipulated Protective Order; (2) the written notice of dispute; (3) the written response to the notice of dispute; (4) a reply in support of the written notice of dispute; (5) a copy of the material at issue (to be submitted under seal); and (6) a proposed order concerning the confidentiality of the material at issue for resolution by the Court or by any officer of the Court designated by the Court to hear discovery matters in this litigation. Throughout the dispute resolution procedure in this paragraph, the designating party will have the burden of demonstrating that the material at issue is properly designated as confidential under California law. In the event of a dispute over the confidentiality of

particular material, the parties will continue to treat the disputed discovery material as confidential until the dispute is resolved.

## VI. NON-PARTY SUBPOENAS

If any party receives a subpoena from any non-party to this Stipulated Protective Order seeking production or disclosure of Confidential Material, that party (the "subpoenaed party") will give notice, as soon as practicable and in no event more than five business days after receiving the subpoena, to counsel for the designating party, which notice will enclose a copy of the subpoena. The subpoenaed party will not produce or disclose any of the Confidential Material for a period of five business days, if possible without violating the subpoena, after providing such notice to the other party, and in no event will such production or disclosure be made before such notice is given. If, within five business days of receiving such notice, the party properly objects to such production or disclosure, the subpoenaed party will not make such production or disclosure except pursuant to a Court order requiring compliance.

## VII. NO RESTRICTIONS

Nothing in this Stipulated Protective Order will: (a) restrict any party with respect to their own documents or information; (b) restrict any party's rights with regard to discovery material that has not been designated as Confidential; (c) prejudice any party's rights to object to the production or disclosure of documents or other information that it considers not subject to discovery; or (d) restrict the scope of discovery that can be sought by any party or deemed permissible by the Court; or (e) prejudice any party's right to seek, either by agreement or by application to the Court, greater or lesser protection than that provided herein, or modification of the terms of this Stipulated Protective Order. Nothing in this Stipulated Protective Order will be deemed to be a limit on or waiver of the attorney-client privilege, work product privilege, or any other relevant privilege.

## VIII. RETURN OF CONFIDENTIAL MATERIALS

Within 60 days after the conclusion of this action, including any appeals, any party may request the return of all materials designated as Confidential Material and the responding party shall have 30 days thereafter to comply with such request. This provision will not apply to court filings or file copies of pleadings, briefs or correspondence maintained by the parties' respective counsel in the ordinary course of business.

## IX. BINDING EFFECT

This Stipulated Protective Order will remain in full force and effect at all times during which any party to this Stipulated Protective Order or any person having executed the attached Exhibit A retains in his, her, or its possession, custody or control any Confidential Material.

## X. ADDITIONAL PARTIES TO LAWSUIT

If other parties are added to this action, no Confidential Material previously exchanged, produced, or used herein will be disclosed to such other parties or their counsel except upon their agreeing to be bound by the provisions of this Stipulated Protective Order.

## XI. ADDITIONAL RIGHTS

This Stipulated Protective Order is without prejudice to the right of any party to move the Court for an order for good cause shown for protection of Confidential Material sought by or produced through discovery, which protection is different from or in addition to that provided for in this Stipulated Protective Order, and such right is expressly reserved. Similarly, each party expressly reserves the right at any time to request the Court to authorize disclosure other than contemplated hereunder of materials subject to this Stipulated Protective Order.

**ACCEPTED AND AGREED**

Dated: February 11, 2008

AKIN GUMP STRAUSS HAUER & FELD LLP
Catherine A. Conway
Julia I. De Beers
Jeremy F. Bollinger

By /s/ Catherine A. Conway
Catherine A. Conway
Attorneys for Defendant
ConocoPhillips Company

Dated: February 11, 2008

JOEL C. GOLDEN

By /s/ Joel C. Golden
Joel C. Golden
Attorney for Plaintiff Michael D. Dowd

**ORDERED AND APPROVED:**

Dated: ______________

______________________________
The Honorable Ruben B. Brooks
United States District Court Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGEMENT CONCERNING INFORMATION COVERED BY A PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF CALIFORNIA

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order Regarding Confidential Discovery Material ("Stipulation" or "Stipulated Protective Order") governing Dowd v. ConocoPhillips Company, Case No. 07-cv-2048 IEG (RBB) and understands its terms, agrees to be bound by each of those terms, and agrees to subject himself/herself personally to the jurisdiction of the United States District Court, Southern District of California for the purpose of enforcing its terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Confidential Material made available to it/him/her other than in accordance with the terms and conditions of this Stipulated Protective Order.

DATED: ________________________, 2008

BY:_______________________________
SIGNATURE

_____________________________________
PRINTED NAME

OF: ____________________________________
NAME OF EMPLOYER

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los Angeles, California 90067. On February 14, 2008, I served the foregoing document(s) described as: **STIPULATED AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL DISCOVERY MATERIAL** on the interested party(ies) below, using the following means:

Joel C. Golden, Esq.
THE LAW OFFICE OF JOEL C. GOLDEN
2356 Moore Street, Suite 201
San Diego, California 92110
Tel: 619.294.7918
Fax: 619.296.8229
E-Mail: goldenlawfirm@gmail.com, jgoldenatty@hotmail.com
*Attorneys for Plaintiff*

☐ BY UNITED STATES MAIL I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

☐ BY OVERNIGHT DELIVERY I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ BY MESSENGER SERVICE I served the documents by placing them in an envelope or package addressed to the respective address(es) of the party(ies) stated above and providing them to a professional messenger service for service.

☐ BY FAX Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the respective fax number(s) of the party(ies) as stated above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission(s), which I printed out, is attached.

☒ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 14, 2008 at Los Angeles, California.

Catherine A. Conway — s/Catherine A. Conway
[Print Name of Person Executing Proof] — [Signature]